J-S58008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC MOORE (AKA) RUSSELL JOHNSON, | |
| Appellant | No. 984 WDA 2013 |

Appeal from the PCRA Order May 23, 2013
in the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000636-2006

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED OCTOBER 02, 2014**

Appellant, Eric Moore (AKA) Russell Johnson, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Counsel has filed a petition to withdraw as counsel.[1] We affirm the court's order and grant counsel's petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), in support of his petition to withdraw. However, a ***Turner***/***Finley*** no-merit letter is the appropriate filing in an appeal from a PCRA court's order. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because an ***Anders*** brief provides greater protection to an appellant, this Court may accept it in lieu of a ***Turner***/***Finley*** letter. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).
*(Footnote Continued Next Page)*

On February 4, 2006, the Commonwealth charged Appellant with possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and criminal conspiracy.[2] The charges related to Appellant's involvement in a multi-person drug operation. On June 10, 2011, Appellant filed a motion to dismiss on the basis of the Commonwealth's alleged violation of his speedy trial rights. *See* Pa.R.Crim.P. 600. The court denied the motion after a hearing, on July 21, 2011. On July 29, 2011, Appellant pleaded guilty to the charge of possession with intent to deliver a controlled substance pursuant to a negotiated plea agreement. On August 2, 2011, the trial court sentenced Appellant consistent with the agreement's terms to a period of incarceration of not less than three and one-half nor more than seven years, to be served concurrently to a federal sentence he was then serving. Appellant did not file a post-sentence motion or a direct appeal.

On March 5, 2013, Appellant filed a *pro se* first PCRA petition and a supplement to it on May 3, 2013. The court appointed counsel and, after a hearing, denied Appellant's petition as untimely on May 23, 2013. Appellant

*(Footnote Continued)* ─────────────────

[2] 35 P.S. §§ 780-113(a)(30), (16), and (32); and 18 Pa.C.S.A. 903(a), respectively.

timely appealed[3] and appointed counsel filed a petition to withdraw. Appellant has not filed a response.

Before considering the issue counsel asserts Appellant wants to raise, we first must consider whether counsel has complied with the requirements that our courts have established in order for counsel to withdraw pursuant to **Turner** and **Finley**. We have explained this procedure as follows:

> . . . **Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to

___

[3] The court did not order Appellant to file a statement of errors complained of on appeal, but it filed an opinion on July 1, 2013. **See** Pa.R.A.P. 1925.

We observe that Appellant filed his notice of appeal *pro se* while represented by counsel. However, based on our review of the confusing and incomplete certified record and docket, it appears that the trial court prothonotary's office failed to forward a copy of Appellant's *pro se* notice to counsel pursuant to Criminal Rule 576(A)(4). **See** Pa.R.Crim.P. 576(A)(4) (directing that, where represented defendant files document *pro se*, "[a] copy of the time stamped document shall be forwarded to the defendant's attorney . . . within 10 days of receipt."). Instead, counsel was not made aware of the appeal until the PCRA court forwarded him a copy of its Rule 1925(a) opinion on July 1, 2013. (**See** PCRA Court Opinion, 7/01/13, at unnumbered page 7). Therefore, he could not "have taken action within the thirty day appeal period to eliminate the complication caused by the *pro se* appeal, such as withdrawing it." **Commonwealth v. Cooper**, 27 A.3d 994, 1006 (Pa. 2011).

Accordingly, because of all of the procedural irregularities, we treat Appellant's notice of appeal as premature, rather than quashing it pursuant to **Commonwealth v. Jette**, 23 A.3d 1032, 1035 (Pa. 2011) (applying the rule announced in **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993), that "there is no right to hybrid representation either at trial or on appeal."). **See Cooper**, **supra** at 1006 (concluding that dismissal of appeal was not appropriate where "the prescribed procedure, designed to avoid the confusing result of *pro se* filings by represented criminal defendants, was not followed.") (footnote omitted).

the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se or* by new counsel.

\* \* \*

. . . [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Instantly, counsel's petition to withdraw and **Anders** brief indicate that he examined the record, case law, and all relevant statutes; and that, after examining whether any claims were available to Appellant, he explained why he believes Appellant's issue lacks merit. (**See** Petition to Withdraw as Counsel, 7/07/14, at unnumbered page 2; **Anders** Brief, at 3-8). Counsel mailed copies of the **Anders** brief and petition to withdraw to Appellant, and advised Appellant that he may proceed *pro se* or through privately-retained counsel. (**See** Petition to Withdraw as Counsel, 7/07/14, at unnumbered page 4, Notice; **id.** at unnumbered page five, Certificate of Service; **Anders**

- 4 -

Brief, at iv, Notice; *id.* at 16, Certificate of Service). Therefore, we conclude counsel has substantially complied with the mandates of **Turner** and **Finley**; thus, we proceed with our own review of Appellant's claims.

On appeal, the **Anders** brief raises one question for our review:

I.

judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on September 2, 2011, at the expiration of the time for him to seek review of his judgment of sentence in this Court. **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on March 5, 2013, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to argue the applicability of the after-discovered facts exception to his claim of ineffective assistance of counsel. *See id.* at §§ 9543, 9545(b)(1)(ii). Specifically, Appellant argues that he became aware in September 2012 that the court had not granted him credit for time-served, and that counsel was ineffective in not challenging the sentence by either a motion to modify or a direct appeal.[4] (*See* PCRA Petition, 3/05/13, at 3; *see also id.* at 7; Supplemental PCRA Petition, 5/03/13, at 3-4 ¶¶13, 14, 17; N.T. PCRA Hearing, 5/23/13, at 5, 10, 14,

_____

[4] Appellant also argues that counsel was ineffective for failing to appeal the June 10, 2011 denial of his Rule 600 motion. (*See* PCRA Petition, 3/05/13, at 3; *see also id.* at 7; Supplemental PCRA Petition, 5/03/13, at 3 ¶ 8; N.T. PCRA Hearing, 5/23/13, at 4-5, 14, 16, 19-20). However, not only does he not acknowledge the untimeliness of this issue, he does not argue the applicability of an exception as applied to this claim. (*See* PCRA Petition, 3/05/13, at 7; Supplemental PCRA Petition, 5/03/13, at 3 ¶ 8). Therefore, we conclude that the PCRA court properly denied this issue as time-barred.

22). This argument fails to establish an exception to the statutory time bar, or Appellant's compliance with the sixty day filing rule.

Even assuming Appellant was unaware until September 2012 that counsel had not filed either a motion to modify his sentence or a direct appeal on the basis that the court had not granted him credit for time-served, he was required to file his petition "within sixty days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Geer**, 936 A.2d 1075, 1078 (Pa. Super. 2007), *appeal denied*, 948 A.2d 803 (Pa. 2008) (noting that "before a petitioner may benefit from Subsection 9545(b)(1)(ii)'s exception, the petitioner must plead he filed his PCRA petition within sixty days of the date it could have been presented[.]").  Therefore, even if we assume Appellant's claim of belated discovery, he still was required to file a petition and claim the benefit of the after-discovered facts exception to the PCRA timeliness requirement by November, 2012; however he failed to do so.  **See** § 9545(b)(2); **Geer**, **supra** at 1078.

Accordingly, because Appellant's March 5, 2013 petition was untimely on its face, and he has failed to plead and prove the applicability of a timeliness exception, or compliance with the sixty day filing rule, we agree with counsel that the PCRA court properly found that it lacked jurisdiction to consider the petition's merits, and that Appellant is not entitled to relief.

*See Jones*, *supra* at 16-17; *Rykard*, *supra* at 1183; *Wrecks*, *supra* at 721.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2014